UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CINDY L. SISTRUNK                                                                         PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:21-CV-413-KHJ-RPM

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                                                    DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Robert P. Myers, Jr. [15]. For the following reasons, the Court adopts the findings and recommendations of the Magistrate Judge.

I.       Facts and Procedural History

Cindy L. Sistrunk applied for disability insurance and supplemental security income in September 2017, alleging a disability beginning in June 2012. Admin. Record [9] at 210–11. She alleged that she suffered from an overactive bladder, degenerative disc disease, osteoarthritis, fibromyalgia, and depression. *Id.* at 211, 253. After being denied benefits, Sistrunk requested and obtained a hearing before an administrative law judge ("ALJ"). *Id.* at 280, 186–209. ALJ Jim Frasier held a hearing and ultimately found that Sistrunk was not disabled under the Social Security Act. *Id.* at 232–243. The Appeals Council granted Sistrunk's request for review and remanded the matter for further consideration of Sistrunk's alleged somatization disorder. *Id.* at 249–51.

On remand, ALJ Laurie Porciello conducted two hearings before ultimately finding that Sistrunk is not disabled under the Social Security Act. *Id.* at 30–31. The Appeals Council denied review, so the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Id.* at 6–9. Sistrunk sought review of the decision by suing in this Court under 42 U.S.C. § 405(g). Compl. [1] at 1.

Sistrunk argues that the ALJ erred in three ways: (1) the ALJ did not properly consider all of Sistrunk's functional limitations—specifically, her mental impairments—in determining her residual functional capacity ("RFC"), (2) the ALJ did not properly consider Sistrunk's arthritis-based manipulative limitations in determining her RFC, and (3) the ALJ did not consider all medical opinions and explain the weight given to the opinions in determining Sistrunk's RFC. Mem. in Support of Mot. for Summ. J. [12] at 1–3. After review, the Magistrate Judge recommended the Court find that the Commissioner's decision is supported by substantial evidence and affirm the decision. [15] at 11.

Written objections to the Report were due by July 28, 2022. [15] at 11. Sistrunk timely objected to the Report, reiterating the arguments she made against the ALJ's initial determination. Obj. [16] at 2–6.

II. Standard

The Court reviews de novo the portions of the Magistrate's Report to which Sistrunk objects, 28 U.S.C. § 636(b)(1), while the remaining portions may be subject to the clearly erroneous, abuse of discretion, and contrary to law standards of

2

review. *See United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009) (citation omitted). The Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

III. Analysis

When reviewing the Commissioner's decision, the Court must uphold the finding if there are no errors of law and substantial evidence supports factual determinations. *See Underwood v. Bowen*, 828 F.2d 1081, 1082 (5th Cir. 1987) (citations omitted); 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adams v. Bowen*, 833 F.2d 509, 511 (5th Cir. 1987) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When substantial evidence supports a fact, the Court should not reweigh evidence or substitute its judgment for the Commissioner's. *Fields v. Bowen,* 805 F.2d 1168, 1169 (5th Cir. 1986).

Sistrunk objects to the Report's findings on all three issues for review, ultimately arguing that substantial evidence does not support the ALJ's decision. She reasserts that the ALJ ignored the combined effect of Sistrunk's limitations, including non-severe mental limitations. [16] at 1. She also objects to the finding that substantial evidence exists for the ALJ's failure to find that Sistrunk had manipulative limitations based on her arthritis. *Id.* at 5. Finally, Sistrunk objects to

3

the Magistrate Judge's finding that the ALJ permissibly weighed medical opinions. *Id*. The Court will review each of the Magistrate Judge's findings de novo.

> A. Consideration of Combined Effect of Severe and Non-Severe Limitations in Determining RFC

When deciding whether an individual has a disability, the Social Security Administration ("SSA") uses a five-step evaluation process. *See, e.g.*, 20 C.F.R. § 404.1520. An ALJ may find that a claimant is disabled under the Social Security Act if (1) she is not employed in a substantial gainful activity; (2) she has a severe, medically determinable impairment; (3) her impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the consideration and assessment of her RFC allows the ALJ to conclude she cannot perform any past relevant work; and (5) her RFC, age, education, and work experience prevent her to adjust to performing any other work. *Id*.

An impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (alteration in original) (citation omitted). ALJs must consider the combined effect of both severe and non-severe limitations in their RFC analysis. *Bowen v. Yuckert*, 482 U.S. 137, 150–51 (1987). But courts in the Fifth Circuit "have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments [both severe and non-severe] in the RFC analysis." *Martha L. v. Saul*, No. 1:20-cv-3-H-BU, 2021 WL 3610316, at *5 (N.D. Tex. July 27, 2021). In other words, although the

ALJ must consider non-severe impairments when conducting an RFC assessment, the ALJ does not have to include those limitations in the RFC if there is insufficient evidence that they produce limiting effects. *Thomas v. Comm'r of Social Security*, No. 16-830-RLB, 2018 WL 1095569, at *13 (M.D. La. Feb. 28, 2018).

The Magistrate Judge correctly concluded that substantial evidence supports the ALJ's decision to exclude mental limitations from the RFC. [15] at 5. In determining the severity of Sistrunk's mental impairments at step two, the ALJ considered the four areas of mental functioning set out in the disability regulations: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. [9] at 19–20. The ALJ engaged in a thorough analysis, considering evidence from multiple medical professionals, to arrive at her conclusion that Sistrunk's mental limitations were not severe. [15] at 5. The ALJ also concluded that there was "no evidence of record to indicate work-related restrictions due to [mental] impairment." [9] at 19. And Sistrunk "had not received specialized mental health care," and "did not report that any mental health condition prevented her from working." *Id*.

The ALJ ultimately determined that Sistrunk suffered no more than a "mild limitation" in each of the four areas, and therefore concluded that her mental impairments were not severe, "singly or in combination, as they presented through the date last insured." [9] at 20. The ALJ's consideration of Sistrunk's mental

limitations is therefore supported by substantial evidence, and her analysis of these impairments in the RFC assessment contains no reversible error of law.

B. Consideration of Arthritis in Determining RFC

Sistrunk next asserts that the ALJ erroneously disregarded manipulative limitations based on arthritis in determining her RFC. [12] at 6. Specifically, Sistrunk contends that the ALJ should have considered arthritis-based manipulative limitations based on Dr. Joe Cook's examination where he noted poor motion of the wrist joints, reduced grip strength bilaterally, and x-ray evidence of arthritis. *Id.*

The Magistrate Judge correctly stated that the ALJ considered Dr. Cook's examination. [15] at 9. The ALJ considered Dr. Cook's opinions and noted that his findings appeared inconsistent. [9] at 29. The ALJ noted that Dr. Cook "essentially stated there were no limitations" but "given that he also noted poor motion of the wrist joints, ex-ray evidence of arthritis[,] and MRI reports showing degenerative disc disease," the ALJ found his opinion "only partially persuasive." *Id.* at 29–30. Despite these findings, Dr. Cook himself stated that, in his opinion, Sistrunk had essentially no work-related limitations. *Id.* at 863–64.

"[T]he ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (quotations and citation omitted). Therefore, the Magistrate Judge was correct to conclude that substantial evidence supports the

6

ALJ's decision to not include arthritis-based manipulative limitations in her assessment of Sistrunk's RFC, and there is no reversible error of law.

### C. Consideration and Weight of Medical Opinions in Determining RFC

Finally, Sistrunk contends that the ALJ failed to properly consider Dr. Reginald Bass's medical opinions. [12] at 7. The Magistrate Judge again correctly noted that the ALJ considered and weighed Dr. Bass's opinions. [15] at 9; [9] at 28. The ALJ explicitly weighed Dr. Bass's opinions (which were from 2015) with those from a different state agency medical consultant in 2017. [9] at 28. Providing a detailed explanation, the ALJ found the more recent state agency medical consultant's opinions to be "more persuasive" than those from Dr. Bass in 2015. *Id.*

Again, "the ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Greenspan*, 38 F.3d at 237. Additionally, in applying the substantial evidence standard, the Court "may not re-weigh the evidence or substitute [its] judgment for that of the Commissioner." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (citation omitted). The Court therefore finds that the ALJ's consideration and weight given to Dr. Bass's opinions is supported by substantial evidence and contains no reversible error of law.

IV.     Conclusion

The Court finds the Magistrate Judge's findings of fact and conclusions of law are correct. For the reasons in the Magistrate Judge's Report [15] and contained herein, the decision of the Commissioner should be affirmed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [15] of United States Magistrate Judge Robert P. Myers, Jr., entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that the Commissioner's final decision is AFFIRMED, and this action is DISMISSED with prejudice.

A separate Final Judgment will issue this day.

SO ORDERED, this the 2nd day of August, 2022.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE